The opinion of the court was delivered by
Gibson, C. J.
Abuses of the rule to take depositions may undoubtedly occur; and where they appear, it will be proper to correct them. But nothing of the sort appears by the bill of exceptions; the question having been decided on the abstract right of the party to take a second deposition without the leave of. the court, or cause shown: a right which I have never’ before heard doubted. On the contrary, it is- notorious that the practice to reexamine as often as occasion may require, is general, if not universal. But'were this otherwise, still the prior deposition in this case, was taken on a five day rule, which by the rules of the district, was too short to entitle it to be read at the trial; even though *125 a deposition taken for the particular purpose of procuring a judgment to be opened, were competent for every other purpose; a point about which we intimate no opinion. The objection that the defendants had given notice of a commission to examine the witness in Baltimore, in case he had not come to a place within the jurisdiction of the court, is too much attenuated for my perception; and, I shall only say, that we cannot sustain the judgment on that ground.
The judgments confessed by Martin and Keiss, for Martin, Keiss, and Morris, ought undoubtedly to have gone to the jury. It is true, that Martin and Keiss alone are liable on their bond; but the discount obtained on the credit of Kaffroth’’s indorsement, which was the consideration of it, may have been for the benefit of all three; and, if this were so, it would be not only possible, but highly probable, that the original security was abandoned, and the debt included in the arrangement with their creditors. There was, indeed, no evidence of their having been partners in trade; but the defendants contended they were, and might, perhaps, have subsequently proved it; or, the jury might possibly have inferred it from the circumstances. If this were established, nothing could withstand the inference that the judgment and the bond were separate securities against the eventual liability of the indorser. The defendants had given evidence which, if believed, must irresistibly lead to that conclusion, independently of proof of the partnership, ■the existence of which is not indispensable; and, that the fact might, by possibility, be as the defendants contended, is sufficient to show that an objection to the evidence could not be urged to the court, but to the jury, who were the constitutional judges of its effect, and who had a right to the entire developement of the transaction with its circumstances. Among these, the paper called a release, was an essential one. This could not be pleaded as a release at law, both because it was unsealed, and it did not purport to be a release of the instrument on which the action is founded: and which, therefore, can be affected by it only in equity, by showing the identity of the debt sued for, and that discharged by releasing the judgment. If there be a perfect identity in this respect, it is plain that a release of the judgment by an instrument •operative either at law or in equity, will discharge the debt secured by the bond; at least, as far as actual satisfaction has been made; in which case, it would be unconscionable in the obligee to pursue on the bond. Thus we perceive that the defence was an equitable one, and proper to be urged under our plea of payment, with leave to give the special- matter in evidence. Then, as the defendants had pleaded payment in addition to the existence of the release as an instrument, a variance between the instrument produced and that set out in the plea is immaterial, because it might be given in evidence without being pleaded at all. Nor is it ma *126 terial, that it was not sealed, as it amounts to an agreement which would be enforced in equity.
The remaining error is not sustained; it being perfectly clear, that the declarations of a partner, not a party to the suit, are not competent eyidence of the partnership.
Judgment reversed, and a venire facias de novo awarded.
Gibson, C. J., delivered the opinion of the court, Duncan, J., being sick and absent, and Rogers, J., being also absent.